# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN C. HUMPHREYS, | ) Case No.: _____ |
| Plaintiff, | ) COMPLAINT FOR VIOLATIONS OF THE<br>) FCRA AND FDCPA |
| vs. | ) |
| CENTRAL PORTFOLIO CONTROL, | ) TRIAL BY JURY DEMANDED |
| Defendant | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq,* and for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692(f)1.

## JURISDICTION

2. This court has jurisdiction over the FCRA under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. This court has jurisdiction over the FDCPA under 15 U.S.C. §1692k(d).

4. All conditions precedent to the bringing of this action have been performed.

## PARTIES

5. The Plaintiff in this lawsuit is Brian C. Humphreys, a natural person, who resides in Northampton County, Pennsylvania.

6. The Defendant in this lawsuit is CENTRAL PORTFOLIO CONTROL (hereinafter "CENTRAL"), an unknown entity with offices at 16526 W. 78th St., Suite 107, Eden Prairie, MN  55346.

## VENUE

7. The occurrences which give rise to this action occurred in Northampton County, Pennsylvania and Plaintiff resides in Northampton County, Pennsylvania.

8. Venue is proper in the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

9. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries that he was unfamiliar with in the reports.

10. Plaintiff found after examination of his Experian consumer credit report that Defendant CENTRAL had obtained Plaintiff's Experian consumer credit report on **January 10, 2012**.

11. Plaintiff found after examination of his Equifax consumer credit report that Defendant CENTRAL had obtained Plaintiff's Equifax consumer credit report on **January 11, 2012**.

12. Discovery of violations brought forth herein were discovered by the Plaintiff in August 2012 and the violations are within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

13. The violations brought forth herein occurred in January 2012 and the violations arose within the statute of limitations as defined in the FDCPA, 15. U.S.C. §1692k(d).

14. Defendant CENTRAL is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(5).

## COUNT I

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

NON-COMPLIANCE BY DEFENDANT, CENTRAL PORTFOLIO CONTROL

15. Paragraphs 1 through 14 are re-alleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

17. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. 1681a(f).

18. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

19. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

20. Such permissible purposes as defined by 15 U.S.C. §1681b are generally:  If the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is made a bona fide offer of credit as a result of the inquiry.

21. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant CENTRAL.

22. On **January 10, 2012,** Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

23. Plaintiff sent a letter to CENTRAL, on August 21, 2012, asking why they have been accessing the Plaintiff's credit reports.  This was in an effort to provide CENTRAL an opportunity to identify any legitimate permissible purpose which might have warranted their access to the Plaintiff's credit file.  Plaintiff received no reply to said letter sent to Defendant.

24. At no time did Plaintiff give his consent to CENTRAL to acquire his consumer credit report from any credit reporting agency.

25. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

26. At no time has CENTRAL ever indicated what justification they may have had for obtaining Plaintiff's credit report.

27. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty in failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.


WHEREFORE, Plaintiff demands judgment for damages against Defendant, CENTRAL PORTFOLIO CONTROL, for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. §1681n.


COUNT II

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

NON-COMPLIANCE BY DEFENDANT CENTRAL PORTFOLIO CONTROL

28. Paragraphs 1 through 27 are re-alleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30. Equifx is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. 1681a(f).

31. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

32. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

33. Such permissible purposes as defined by 15 U.S.C. §1681b are generally: If the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is made a bona fide offer of credit as a result of the inquiry.

34. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant CENTRAL.

35. On **January 11, 2012,** Defendant obtained the Equifax consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

36. Plaintiff sent a letter to CENTRAL, on August 21, 2012, asking why they have been accessing the Plaintiff's credit reports. This was in an effort to provide CENTRAL an opportunity to identify any legitimate permissible purpose which might have warranted their access to the Plaintiff's credit file. Plaintiff received no reply to said letter sent to Defendant.

37. At no time did Plaintiff give his consent to CENTRAL to acquire his consumer credit report from any credit reporting agency.

38. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

39. At no time has CENTRAL ever indicated what justification they may have had for obtaining Plaintiff's credit report.

40. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty in

failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, CENTRAL PORTFOLIO CONTROL, for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. §1681n.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f(1), ATTEMPTING TO COLLECT AN AMOUNT NOT AUTHORIZED BY THE AGREEMENT CREATING THE DEBT OR PERMITTED BY LAW

41. Paragraphs 1 through 40 are re-alleged as though fully set forth herein.

42. Plaintiff is a consumer within the meaning of the FDCPA §1692a(3).

43. Plaintiff has never had any business dealings or any accounts with Defendant CENTRAL.

44. On **January 10, 2012,** Defendant obtained the Experian consumer credit report for the Plaintiff.

45. Plaintiff sent a letter to CENTRAL, on October 10, 2012, asking why they have been accessing the Plaintiff's credit reports.  This was in an effort to provide CENTRAL an opportunity to verify and to validate the alleged debt.  Plaintiff received no reply to said letter sent to Defendant.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, CENTRAL PORTFOLIO CONTROL, for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. §1692k(a)1 and §1692k(a)(2)(A).

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f(1), ATTEMPTING TO COLLECT AN AMOUNT NOT AUTHORIZED BY THE AGREEMENT CREATING THE DEBT OR PERMITTED BY LAW

46. Paragraphs 1 through 45 are re-alleged as though fully set forth herein.

47. Plaintiff is a consumer within the meaning of the FDCPA §1692a(3).

48. Plaintiff has never had any business dealings or any accounts with Defendant CENTRAL.

49. On **January 11, 2012,** Defendant obtained the Equifax consumer credit report for the Plaintiff.

50. Plaintiff sent a letter to CENTRAL, on October 10, 2012, asking why they have been accessing the Plaintiff's credit reports. This was in an effort to provide CENTRAL an opportunity to verify and to validate the alleged debt. Plaintiff received no reply to said letter sent to Defendant.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, CENTRAL PORTFOLIO CONTROL, for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. §1692k(a)1 and §1692k(a)(2)(A).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated this 3rd day of November, 2012

Respectfully submitted,

By: _____

Brian C. Humphreys,
2253 Linden St.
Bethlehem, Penna.
(610) 866-3744

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___2253 Linden St., Bethlehem, Pennsylvania___

Address of Defendant: ___16526 W. 78th St., Suite 107, Eden Prairie, MN 55346___

Place of Accident, Incident or Transaction: ___Northampton County, Pennsylvania___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) **FCRA, FDCPA**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: *Oct. 22, 2012*   ~~Attorney at Law~~  *pro se*   _____  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *Oct. 22, 2012*   ~~Attorney at Law~~  *pro se*   _____  Attorney I.D.#

CIV. 600 (6/08)